**FILED**

NOV 20 2014

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 00-54-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO REDUCE SENTENCE |
| WAYNE BLUEFORD, | (Defendant Not Eligible) |
| Defendant. | |

On November 7, 2014, Defendant Blueford moved the Court to reduce the sentence to reflect the reduction of drug offenders' sentences under a recent, retroactively applicable amendment to the United States Sentencing Guidelines. See U.S.S.G. App. C Supp. Amendments 782, 788 (eff. Nov. 1, 2014). A district court may reduce an already-imposed sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Based on the Court's review of the record, Defendant is not eligible for a sentence reduction under Amendment 782. Blueford was sentenced to serve 236

1

months in prison. Judgment (Doc. 67) at 2. His sentence was based on U.S.S.G. § 2D1.1, but that guideline was applied only because the Court followed the plea agreement. *See* Plea Agreement (Doc. 43) at 2 ¶ 5, 8-9 ¶ 20; Statement of Reasons (Doc. 67-1 at 1) (Judgment at 7). The guideline range that would otherwise have applied to Blueford was found elsewhere, in the Career Offender guideline, U.S.S.G. § 4B1.1. Presentence Report ¶¶ 71-79, 95. Thus, while a 2-level reduction under Amendment 782 would reduce the offense level underlying the bargained-for sentence, it would not reduce "the defendant's *applicable* guideline range." U.S.S.G. § 1B1.10(a)(1) (emphasis added); *United States v. Pleasant*, 704 F.3d 808, 813-14 (9th Cir.), *cert. denied*, __ U.S. __, 134 S. Ct. 824 (2013).

Because a two-level reduction in the base offense level would not "have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), any reduction would be inconsistent with the applicable policy statement issued by the Sentencing Commission. Consequently, the statute does not authorize the Court to reduce Blueford's sentence. 18 U.S.C. § 3582(c)(2); *Pleasant*, 704 F.3d at 813-14.

Motions to reconsider will not be entertained. *See* D. Mont. L.R. CR 47; *cf.* L.R. 7.3(b). If Blueford believes the reduction should apply, the only recourse is to appeal this decision.

Accordingly, IT IS HEREBY ORDERED that Blueford's motion to reduce the sentence based on Amendment 782 (Doc. 122) is DENIED.

DATED this 20th day of November, 2014.

Susan P. Watters
United States District Court