

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>WAYNE BLUEFORD,<br><br>Defendant/Movant. | Cause No. CR 00-054-BLG-SPW<br>CV 16-180-BLG-SPW<br><br>ORDER DENYING § 2255<br>MOTION AND GRANTING<br>CERTIFICATE OF<br>APPEALABILITY |

Defendant Blueford filed a motion under 28 U.S.C. § 2255 seeking relief based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2251 (2015). On September 12, 2018, the Court of Appeals held that such motions are untimely until the Supreme Court extends *Johnson* to other contexts. *See United States v. Blackstone*, 903 F.3d 1020, 1023 (9th Cir. Sept. 12, 2018).

Blueford was sentenced as a career offender under the mandatory guideline sentencing regime. He argues that *Blackstone* was wrongly decided but acknowledges this Court cannot rule on that basis. Disposition of his motion is controlled by *Blackstone*.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner

1

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously found that, under the applicable precedents, he did. *See* Order (Doc. 79) at 14. Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

*Blackstone* rejects Blueford's claim that he was deprived of a constitutional right and also imposes a time bar. In the Seventh Circuit, however, Blueford would likely prevail on the timeliness issue. *See Cross v. United States*, 892 F.3d 288, 293–94 (7th Cir. 2018). In addition, Ninth Circuit precedent predating *Booker v. United States*, 543 U.S. 220 (2005), held that the United States Sentencing Guidelines were open to constitutional due process challenges. *See, e.g., United States v. Johnson*, 130 F.3d 1352, 1354 (9th Cir. 1997). Reasonable jurists could disagree with this Court's disposition of the case. A certificate of appealability is granted on the issues of (1) whether Blueford was arbitrarily sentenced as a career offender and (2) whether his § 2255 motion is time-barred.

Accordingly, IT IS HEREBY ORDERED:

1. Blueford's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 128) is DISMISSED WITH PREJUDICE as time-barred.

2. A certificate of appealability is GRANTED on the issues of (1) whether

2

Blueford was arbitrarily sentenced as a career offender and (2) whether his § 2255 motion is time-barred. The clerk shall immediately process the appeal if Blueford files a notice of appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 16-180-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Blueford.

DATED this 29th day of October, 2018.

Susan P. Watters
United States District Court